

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 10, 1992

Honorable Debra Danburg
Chair
Committee on Elections
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-104

Re: Completion of a life sentence (RQ-277)

Dear Representative Danburg:

You ask whether a person who has been finally convicted of a crime and duly sentenced to life imprisonment may complete his sentence prior to his death. We find that a life sentence is exactly what it purports to be -- a sentence that will continue until a person's death.

A person sentenced to life imprisonment may become eligible for release from incarceration on *parole* prior to his death. *See, e.g.,* Code Crim. Proc. art. 42.18, § 8(b)(2) ("a prisoner . . . serving a life sentence for a capital felony . . . is not eligible for release on parole until the actual calendar time the prisoner has served . . . equals 35 calendar years"). However, it is clear that albeit freed from incarceration, one on parole continues to serve his sentence. The Code of Criminal Procedure article 42.18, section 2(1) defines "parole" as release from physical custody "if the prisoner contractually agrees to serve the *remainder of his sentence* under the supervision and control of the pardons and paroles division." (Emphasis added.)

We note that sections 8(a) and 15(a) of article 42.18 provide for the period of parole in somewhat different language. Section 8(a) provides that "[t]he period of parole shall be equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence." Section 15(a) provides that "[i]n order to complete the parole period, a parolee shall be required to serve out the whole term for which he was sentenced, subject to the deduction of the time he had served prior to his parole." However, particularly when read in conjunction with the section 2(1) definition of parole quoted above, we construe the quoted language in sections 8(a) and 15(a) as also providing that in the case of a life

sentence, the parole period of one released on parole will be for the duration of his life.

We note also that a person may be relieved of a sentence imposed upon him by pardon or commutation of the sentence, *see* Code Crim. Proc. ch. 48, or the sentence may be set aside in *habeas corpus* proceedings. However, in answer to your question we find no provisions of Texas law under which a person finally convicted and sentenced to life imprisonment may *complete* a life sentence prior to his death.

## SUMMARY

A life sentence continues until the time of a convicted person's death. The fact that a person sentenced to life may be released on parole does not constitute completion of his sentence.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General